UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

CLIFFORD L. NOLL,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 2:26-cv-00436-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff Clifford L. Noll's Complaint. Dkt. 1. For the reasons stated below, the Court DISMISSES the Complaint WITH PREJUDICE. This case is CLOSED.

## II. DISCUSSION

On July 14, 2026, Plaintiff, who is proceeding pro se, filed the Complaint alleging violations of his Fifth Amendment and Due Process rights, citing 28 U.S.C. § 1346(b)(1); 28 U.S.C. §§ 3001-3306 (Ch. 176); and 28 U.S.C. §§ 2001-2003 (Ch. 127). Dkt. 1, at 3. Specifically, Plaintiff alleges that in 1989, Defendant United States of America administratively seized and sold four residential properties owned by Plaintiff without jurisdiction or due process – namely, there was no summons or notice, no complaint for federal debt collection or any other reason, no opportunity to be heard, and no court order or valid lien authorizing the seizure or sale. *Id.* at 6–9. Plaintiff values the properties at $250,000.00 at the time of their seizure, with a present day value of $4,557,618.00. *Id.* at

6.

This case was originally assigned to United States Magistrate Judge Debora K. Grasham. On October 28, 2026, Judge Grasham issued an order reassigning the case to a District Judge. Dkt. 11. In the Order of Reassignment, Judge Grasham found "Plaintiff was previously found to be a vexatious litigant in this District and is subject to pre-filing restrictions," namely that he is prohibited "from filing any civil pleadings in this Court challenging the assessment or collection of federal income taxes (either filed against the United States or against federal officers) unless and until those pleadings have been reviewed by a District Judge or Magistrate Judge for possible legal merit pursuant to Federal Rule of Civil Procedure 11 prior to being electronically filed and served, and that the United States, or individual defendants sued in their official capacities, must only respond to such pleadings when ordered by this Court." *Id.* at 2. Judge Grasham also found Plaintiff's Complaint, which was not reviewed by a judge prior to its filing, appears to "again allege violations of his Fifth Amendment and Due Process rights, challenging the assessment and collection of federal income taxes by the United States' seizure and sale of his property beginning in approximately 1989" and may be subject to dismissal. *Id.* at 2–3. The undersigned agrees.

Courts generally construe pro se pleadings liberally. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). However, that does not dispel the need for a plaintiff to comply with a court order. *See Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (stating the Ninth Circuit "repeatedly [upholds] the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders").

Plaintiff is subject to a vexatious litigant order, which prohibits Plaintiff "from filing any civil pleadings in the District of Idaho challenging the assessment or collection of federal income taxes (either filed against the United States or against federal employees and officers)," and that any such civil pleadings must first be "reviewed by a District Judge or Magistrate Judge for possible legal merit pursuant to Federal Rule of Civil Procedure 11 prior to being electronically filed and served." *Noll v. United States*, 2015 WL 5468790, at *6 (D. Idaho Sept. 15, 2025). Plaintiff's claims in the Complaint clearly fall within the vexatious litigant order. *See id.* at *2–3 (listing twelve prior actions); Dkt. 11, at 3 (same). Plaintiff violated the order by failing to have his claims reviewed by a judge prior to filing the Complaint. But even if he had, the Court finds Plaintiff's claims lack legal merit for the same reasons the Court found in prior cases. *See Noll*, 2015 WL 5468790, at *2–3. Therefore, the Complaint is dismissed with prejudice. No further filings will be entertained in this closed case.

## III. ORDER

IT IS HEREBY ORDERED:

1. The Complaint (Dkt. 1) is DISMISSED with PREJUDICE.
2. This case is CLOSED.

DATED: October 30, 2026

David C. Nye
U.S. District Court Judge